UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**    :    No. 3:24-CR-180
                                :
            v.                  :    (Judge Munley)
                                :
JUSTIS SHEA,                    :    (electronically filed)
            Defendant  :

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Counts 2 and 6 of the Superseding Indictment, which charge the defendant with a violation of Title 21, United States Code, §841(a)(1), Possession with Intent to Distribute Controlled Substances, and Title 18, United States Code, §922(g)(1), Felon in Possession of a Firearm. The maximum penalty for Count 2 is imprisonment for a period of twenty years, a fine of

$1,000,000, a maximum term of supervised release of life, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. The maximum penalty for Count 6 is imprisonment for a period of fifteen years, a fine of $250,000, a maximum term of supervised release of three years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in these counts. After sentencing, the United States will move for dismissal of any remaining counts of the Superseding Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges,

2

or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.   <u>Term of Supervised Release</u>.  The defendant understands that the Court must impose at least a three-year term of supervised release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act. The defendant also understands that the Court may impose a term of supervised release following any sentence of

imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.  <u>Maximum Sentence – Multiple Counts</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, thirty-five years in prison and fines totaling $1,250,000, a lifetime of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $200.

4.  <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above. However, nothing

4

in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

5. Fine.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>. If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $200, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

6

District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact

by and communication with the Government, and to waive

any prohibition against communication with a represented

party by the Government regarding the defendant's

financial status;

e.   to authorize the Government to obtain the defendant's

credit reports in order to evaluate the defendant's ability to

satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the

Probation Office as directed, and to the sharing of financial

information between the Government and the Probation

Office.

## C.  Sentencing Guidelines Calculation

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments (the "Sentencing Guidelines"), will apply to

the offense or offenses to which the defendant is pleading guilty.

8

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

9

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: **For Count 6, the Base Offense Level is 20 under U.S.S.G. §2K2.1(a)(4)(B); there is a 2-level enhancement under U.S.S.G. §2K2.1(b)(1)(A), as the offense or relevant conduct involved between 3 and 7 firearms; there is a 2-level enhancement under U.S.S.G. §2K2.1(b)(4)(A), as the offense involved a stolen firearm; there is a 2-level enhancement under U.S.S.G. §2K2.1(b)(5)(B) as the defendant transported, transferred, sold, or otherwise disposed of a firearm knowing that such conduct would result in the receipt of the firearm by an individual was a prohibited person; there is a 4-level enhancement under §2K2.1(b)(6)(B) as the defendant possessed or transferred any firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.  The Total Offense Level, prior to any reduction for Acceptance of Responsibility, for Count 6 is 30.  For Count 2,**

**the Total Offense Level, prior to any reduction for Acceptance of Responsibility, is 12.** The parties agree that a sentence within a range based upon the above-described recommendations is a reasonable sentence under the facts and circumstances of this case. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

D. <u>Sentencing Recommendation</u>

13. <u>Specific Recommendation of Sentence</u>. At the time of sentencing, **the United States and the Defendant will make a specific recommendation of a sentence of 130 months' imprisonment, conditioned on the Court's finding that the**

11

Defendant has accepted responsibility consistent with U.S.S.G. §3E1.1(a). Both parties agree to jointly recommend that the sentence for Counts 2 and 6 run concurrently.

14. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

   a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

   c. The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

   d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

12

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

13

m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

15. <u>Forfeiture</u>. The present Superseding Indictment seeks forfeiture of the defendant's interests, if any, in certain assets. In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

14

a.  Forfeiture of all properties, real and personal listed in the
    Forfeiture Allegation of the Indictment/Information;

b.  Immediate entry of the preliminary order of forfeiture or the
    filing of a civil complaint by the United States, pursuant to
    Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and
    naming of Elliot A. Smith, Esq. Assistant Federal Public
    Defender, 201 Lackawanna Ave, Suite 317, Scranton,
    Pennsylvania, 18503 as agent for service of all process;

d.  Waiver of the right to appear and contest any portion of the
    forfeiture proceedings, including but not limited to, any
    motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all
    persons and entities holding an equitable or legal interest in
    the property, real or personal, subject to forfeiture pursuant
    to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent

16

ownership and any claim or defense under the Eighth
Amendment, including any claim of excessive fine.

16. <u>Disclosure of Assets</u>.  This Agreement is entered by the United
States on the basis of the express representation that the
defendant is making full and complete disclosure of all assets
over which the defendant exercises control.  The defendant
agrees to submit to a polygraph examination by an examiner
selected by the Government to verify the defendant's complete
and candid compliance with this provision of the Agreement.
The defendant also understands that a failure to make a full
disclosure or lack of candor revealed by a polygraph
examination would constitute a breach of this Agreement,
subjecting the defendant to the sanctions set forth in this
Agreement.  Conditioned upon such full disclosure, the United
States agrees not to seek the seizure/forfeiture of any of the
defendant's assets other than those set forth in this Agreement.

17. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth
above, the United States agrees not to seek forfeiture of any

17

other asset known to the United States by defendant's

disclosure to belong to the defendant or the defendant's family.

This Agreement does not prevent the IRS from the collection of

taxes or the seizure of assets to satisfy those taxes.

18. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.

By this Agreement, the defendant agrees to forfeit all interests,

if any, in the assets set forth above and to take whatever steps

are necessary to pass clear title of those assets to the United

States. These steps include but are not limited to surrender of

title; signing of a consent decree; stipulating to facts regarding

the transfer and basis for the forfeitures; and concurrence in

any motion and signing any document necessary to effectuate

such transfers.

19. <u>Destruction Order/Waivers.</u> The defendant further agrees,

should the United States deem it appropriate, to the destruction

of the items seized during the course of the investigation. The

defendant agrees that the items may be destroyed by the

investigative agency with or without a court order authorizing

18

the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

20. <u>Forfeiture of Firearms in Connection with the Offense</u>.  With respect to the Taurus G2C .40 S&W handgun, Serial Number ABD953938, which is a firearm as defined in 18 U.S.C., § 921,

seized during the investigation and currently in the custody and
control of the Bureau of Alcohol, Tobacco, Explosives, and
Firearms ("ATF"), the defendant hereby denies any claim, title
and interest in said firearm. The defendant agrees to withdraw
any claim made in any civil, administrative, or judicial
forfeiture brought against said firearm, and further agrees not
to oppose any civil, administrative, or judicial forfeiture of said
firearm.

## F.  Information Provided to Court and Probation Office

21. Background Information for Probation Office. The defendant
    understands that the United States will provide to the United
    States Probation Office all information in its possession that the
    United States deems relevant regarding the defendant's
    background, character, cooperation, if any, and involvement in
    this or other offenses.

22. Objections to Pre-Sentence Report. The defendant understands
    that pursuant to the United States District Court for the Middle
    District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-

21

sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

23. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

24. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence

22

regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. <u>Court Not Bound by Plea Agreement</u>

25. <u>Court Not Bound by Terms</u>. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for thirty-five years, a fine of $1,250,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $200.

26. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be

23

permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## H. **Breach of Plea Agreement by Defendant**

27. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

24

28. <u>Remedies for Breach</u>.  The defendant and the United States

agree that in the event the Court concludes that the defendant

has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty

plea tendered under this Agreement and agrees not to

petition for withdrawal of any guilty plea;

b.  The United States will be free to make any

recommendations to the Court regarding sentencing in this

case;

c.  Any evidence or statements made by the defendant during

the cooperation phase of this Agreement, if any, will be

admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it

has against the defendant, including any charges originally

brought against the defendant or which may have been

under investigation at the time of the plea.  The defendant

waives and hereby agrees not to raise any defense to the

reinstatement of these charges based upon collateral

25

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

29. <u>Violation of Law While Plea or Sentence Pending</u>. The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing. The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either: (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems

appropriate. The defendant further understands and agrees

that, if the Court finds that the defendant has committed any

other offense while awaiting plea or sentencing, the defendant

26

will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I. **Deportation**

30. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

## J. **Appeal Waiver**

31. <u>Conditional Appeal Waiver.</u> The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court impose a sentence of 130 months' imprisonment, or less, and that the sentence imposed on Counts 2 and 6 be run concurrently. In the event the Court imposes a sentence greater than 130 months' imprisonment, the defendant retains the right to appeal the conviction and sentence.

This conditional waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this conditional appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

32. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this

28

Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## K. Other Provisions

33. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

34. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

35. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

36. <u>Merger of All Prior Negotiations</u>.  This document states the
complete and only Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral.  [This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court.  No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea.  Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary and is not the result
of force or threats or promises apart from those promises set
forth in this Agreement.

37. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who

31

has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

38. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before **5:00 p.m., April 18, 2025**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

39. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant

32

and defense counsel and then signed by the United States

Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

JAS

4/17/25
Date

_____
JUSTIS SHEA
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/18/25
Date

_____
ELLIOT A. SMITH, ESQ.
Counsel for Defendant

JOHN C. GURGANUS
Acting United States Attorney

4/18/25
Date

By: _____
JAMES M. BUCHANAN
Assistant United States Attorney

JMB//2024R00393/April 17, 2025
VERSION DATE: March 8, 2021

33