UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:24-CR-180 |
| | : | |
| v. | : | (Judge Munley ) |
| | : | |
| CINDY SHEA, | : | (electronically filed) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 5 of

    the Superseding Indictment, which charges the defendant with

    a violation of Title 18, United States Code, §1512(k), Conspiracy

    to Obstruct Justice. The maximum penalty for that offense is

    imprisonment for a period of 20 years, a fine of $250,000, a

    maximum term of supervised release of 3 years, which shall be

    served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$100. At the time the guilty plea is entered, the defendant shall

admit to the Court that the defendant is, in fact, guilty of the

offense charged in that count. After sentencing, the United

States will move for dismissal of any remaining counts of the

Superseding Indictment. The defendant agrees, however, that

the United States may, at its sole election, reinstate any

dismissed charges, or seek additional charges, in the event that

any guilty plea entered or sentence imposed pursuant to this

Agreement is subsequently vacated, set aside, or invalidated by

any court. The defendant further agrees to waive any defenses

to reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground. The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

2

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.   <u>Term of Supervised Release</u>.  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.   <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing

3

in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

## B. Fines and Assessments

4. <u>Fine</u>. The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984. The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement. Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

5. <u>Alternative Fine</u>. The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

4

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

5

District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b.  to submit to interviews by the Government regarding the defendant's financial status;

   c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.    whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.    to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the Court; and

f.    to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C. <u>Sentencing Guidelines Calculation</u>

9.    <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

10. <u>Acceptance of Responsibility– Two/Three Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a
reduction shall not be a basis to void this Agreement.

11. <u>Specific Sentencing Guidelines Recommendations</u>. With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:
Each party reserves the right to make whatever remaining
arguments it deems appropriate with regard to application of
the United States Sentencing Commission Guidelines to the
defendant's conduct. The defendant understands that any
recommendations are not binding upon either the Court or the
United States Probation Office, which may make different
findings as to the application of the Sentencing Guidelines to
the defendant's conduct. The defendant further understands
that the United States will provide the Court and the United
States Probation Office all information in its possession that it
deems relevant to the application of the Sentencing Guidelines
to the defendant's conduct.

9

## D. **Sentencing Recommendation**

12. <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

   a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

10

c.  The defendant pay any fine imposed in accordance with a
schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without
approval of the Probation Office unless the defendant is in
compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office
and the United States Attorney access to any requested
financial information.

f.  The defendant be confined in a community treatment
center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of
occupations or with certain individuals if the Government
deems such restrictions to be appropriate.

11

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Information Provided to Court and Probation Office

14. Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

12

15. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, applicable Sentencing

Guidelines ranges, and policy statements contained in or

omitted from the report.  The defendant agrees to meet with the

United States at least five days prior to sentencing in a good

faith attempt to resolve any substantive differences.  If any

issues remain unresolved, they shall be communicated to the

Probation Officer for inclusion in an addendum to the pre-

sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing,

where the standard or proof will be a preponderance of the

evidence, and the Federal Rules of Evidence, other than with

13

respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. <u>Relevant Sentencing Information</u>. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

17. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on

14

behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F.  Court Not Bound by Plea Agreement

18.  Court Not Bound by Terms.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

15

19. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.

If the Court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any guilty plea should the Court decline

to follow any recommendations by any of the parties to this

Agreement.

## G. <u>Breach of Plea Agreement by Defendant</u>

20. <u>Breach of Agreement</u>.  In the event the United States believes

the defendant has failed to fulfill any obligation under this

Agreement, then the United States shall, in its discretion, have

the option of petitioning the Court to be relieved of its

obligations under this Agreement.  Whether the defendant has

completely fulfilled all of the obligations under this Agreement

shall be determined by the Court in an appropriate proceeding,

during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United

States shall be required to establish any breach by a

preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

21. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally

17

brought against the defendant or which may have been
under investigation at the time of the plea. The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral
estoppel, Double Jeopardy, statute of limitations, assertion
of Speedy Trial rights, or other similar grounds.

22. <u>Violation of Law While Plea or Sentence Pending</u>. The
defendant understands that it is a condition of this Agreement
that the defendant refrain from any further violations of state,
local, or federal law while awaiting plea and sentencing. The
defendant acknowledges and agrees that if the Government
receives information that the defendant has committed new
crimes while awaiting plea or sentencing in this case, the
Government may petition the Court and, if the Court finds by a
preponderance of the evidence that the defendant has
committed any other criminal offense while awaiting plea or
sentencing, the Government shall be free at its sole election to
either: (a) withdraw from this Agreement; or (b) make any

18

sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. **Deportation**

23. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

I. **Appeal Waiver**

24. Appeal Waiver – Direct.  The defendant is aware that Title 28,

    United States Code, § 1291 affords a defendant the right to

    appeal a judgment of conviction and sentence; and that Title 18,

    United States Code, § 3742(a) affords a defendant the right to

    appeal the sentence imposed.  Acknowledging all of this, the

    defendant knowingly waives the right to appeal the conviction

    and sentence.  This waiver includes any and all possible

    grounds for appeal, whether constitutional or non-

    constitutional, including, but not limited to, the manner in

    which that sentence was determined in light of *United States v.*

    *Booker*, 543 U.S. 220 (2005).  The defendant further

    acknowledges that this appeal waiver is binding only upon the

    defendant and that the United States retains its right to appeal

    in this case.

25. Collateral Appeal Waiver.  The defendant acknowledges,

    understands and agrees that, by pleading guilty pursuant to

    this Agreement, the defendant voluntarily and knowingly

20

waives the right to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate judgment under Title 28, United States Code, Section 2255; a petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking collateral relief.  However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.  In the event the defendant raises a claim of ineffective assistance of counsel, the defendant hereby agrees (a) that the Government retains its right to oppose any such claim on procedural or substantive grounds; and (b) that counsel for the United States may confer with any of the defendant's prior counsel whose performance is attacked in such a claim, for purposes of preparing any response or for any hearing necessitated by the filing of such a claim.

21

26. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver.  The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## J.   Other Provisions

27.   Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state, or local law
enforcement agency.

28.   No Civil Claims or Suits.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

29.   Plea Agreement Serves Ends of Justice.  The United States is
entering this Agreement with the defendant because this

23

disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

30. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result

of force or threats or promises apart from those promises set
forth in this Agreement.

31. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who
has advised the defendant of the defendant's Constitutional and
other trial and appellate rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case. The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

32. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on

or before 5:00 p.m., August 25, 2025, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

8/9/25
Date

_Cindy Shea_
CINDY SHEA
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/9/25
Date

_Joseph M Blazosek_
JOSEPH M. BLAZOSEK, ESQ.
Counsel for Defendant

26

JOHN C. GURGANUS
Acting United States Attorney

Date 8/18/25

By: _____

JAMES M. BUCHANAN
Assistant United States Attorney

JMB/2024R00393/August 3, 2025
VERSION DATE: March 8, 2021

27